Marshall, C. J.
The problem in this case involves the construction of a written instrument, to-wit, a last will and testament. There are a few essential facts which must be kept clearly in mind. The testator designated it as “my last will.” His daughter Louise was the chief beneficiary, she being one of a large number of children and acting a3 his housekeeper. The gift of real and personal property to her appears to be an act of justice, and if the will should be avoided, thereby resulting in a distribution of the property among all the children equally, an injustice will result to the daughter Louise. The testator made the journey and met with no accident and lived a year and two months thereafter without destroying or changing the will in any particular. The will was written by the testator himself, who was manifestly comparatively illiterate and wholly unlearned in the law, and who probably gave no thought to the effect of the last paragraph of his will, and therefore entertained no intent in regard thereto.
The sole purpose of the court in construing a will is to determine the intent of the testator. This in *337 tent should first, if possible, be gathered from the will itself; but, inasmuch as the meaning of the language of this will is not clear, the extraneous fact3 herein referred to may properly be considered. The will takes effect at the time of the death of the testator, and some light may be thrown upon the testator’s intent by inquiring whether the conditions and circumstances surrounding the testator were practically the same at the time of his death as at the time of the execution of the will. So far as this record discloses no change appears.. There is nothing in the will itself, nor are there additional facts in the record to indicate that an accident during the course of his journey to Montana, or within a reasonable time thereafter, would have had any reasonable or logical relation to his property or to the objects of his bounty. There are no rules of construction especially pertaining to wills which will throw any particular light upon this inquiry, except that a presumption is indulged that deceased did not intend to die intestate as to the whole or any part of his estate, and the will should be so construed as to cause the will to stand unless this presumption is rebutted by the provisions of the will or by evidence to the contrary. (Gilpin v. Williams, 17 Ohio St., 396.) The testator having retained the will in a safe place in his own home for more than a year after the danger of his journey had passed, without revoking the same, the courts should not lightly do after his death that which he had abundant opportunity to do in his lifetime. The lower courts declared this will to be invalid and inoperative as a last will and testament on the ground that it was a contingent will and the contingency upon which it *338 might have become operative never happened. Conditional and contingent wills are fully recognized in the American and English cases. Such recognition is found in Underwood v. Rutan, 101 Ohio St., 306, 128 N. E., 78; but that case, which was decided by a divided court, can have no important bearing upon the instant case, because the contingency referred to in the will under consideration in that case actually occurred.. It was therefore not difficult to decide that a will which was to take effect upon the happening of a contingency should become operative upon such occurrence. There is a wide range of difference in the construction of contingent and conditional clauses in wills to be found in the cases decided by the courts of different states, and the same difference is found in the English cases. It is impossible to reconcile all the English cases with each other, and the same impossibility exists among American cases. A careful study of all the cases leads to the conviction that the courts have looked into the facts and circumstances surrounding the testator, and the merits and demerits of claims of the objects of his bounty, and have not followed any well-defined rules of construction. The decided cases are so widely at variance and so equally divided that it would be unprofitable to discuss any number of them in detail. The Court of Appeals in disposing of this case held the will invalid upon the authority of Walker, Admr., v. Hibbard, 185 Ky., 795, 215 S. W., 800, 11 A. L. R., 832. That case strongly supports the conclusions reached by the Court of Appeals, but we are of the opinion that it was not better reasoned than many other cases which hold to the contrary doctrine. One very re *339 spectable authority which supports the validity of the will is Eaton v. Brown, 193 U. S., 411, 24 Sup. Ct., 487, 48 L. Ed., 730. In that case the will contained the following language:
“I am going on a journey and may, not ever return. And if I do not, this is my last request.”
This language was held not to be a contingency upon the happening of which the will should become operative. In the absence of any declaration in the former decisions of this court, and in view of the irreconcilable conflict among the decisions of other states, and among the English cases, we are disposed to accept as entitled to most value the declarations of the Supreme Court of the United States. Where a contingency exists in a will, wherein testator has made it entirely clear that the will shall not become operative except upon the happening of such contingency, or where by express language it is provided that the will shall become void if such contingency does not occur, this court would not hesitate to give full effect to the intent thus clearly expressed, and declare the will invalid. It must be admitted that the will of Joseph Schiel is far from being explicit in providing that a fatal outcome to his trip to Montana should be a condition precedent to the will becoming operative. It is the observation of every practitioner that men who fully intend to make a will frequently postpone the matter until they are about to hazard some special danger, and persons unlearned in the law, when writing their own wills, frequently refer to the circumstance which induces execution of the will without any thought of it being a condition precedent to the will becoming operative. A careful study of this will and the *340 surrounding facts fails to disclose any reason why the hazards of the journey would dictate a different disposition of property, or any reason why the safe return from his' journey would dictate the immediate revocation of the will. Neither can we discover any change of circumstances or conditions in the life of the testator or his beneficiaries which would suggest a cause or reason for change of the will at any time up to the date of testator’s death. A suggestion was made in argument that if the second paragraph of the will should be construed as a contingency it would only invalidate that paragraph of the will. The difficulty with that view is that we can find no intelligent dispositive provision in that paragraph to be avoided. The will must either stand or fall as a whole. In some of the authorities cited there were changes in the circumstances of the testator or beneficiaries after execution of the will, and before the death of testator, such as birth of children or death of beneficiaries, and in other cases the wills made, dispositions of property in such manner as to cause them to appear unjust and unnatural, and the courts seemed willing to seize upon any fair pretext to avoid the wills. In other cases it is probable that the courts felt favorably disposed toward the wisdom and justice of the dispositions and possibly upheld the wills on those grounds. The text-writers on the subject of contingent wills, being uninfluenced by sympathy or prejudice engendered by the facts and circumstances of controversies, have discussed principles in better temper and have deduced rules which bear the stamp of reason and good sense. They quite uniformly declare that it is a question of construction to be submitted to the court *341 to determine whether the testator intended the contingency referred to as the inducement or reason for making the will or as a condition upon which the instrument was to become operative. Different courts, or the same courts at different times, might come to different conclusions upon the meaning of similar language. The courts should treat the statement as an inducement for making the will, if possible, and not as a condition to its operation, unless the words or the surrounding circumstances clearly show that it was intended to be contingent.
Applying the foregoing rules and principles to the will of Joseph Schiel and the circumstances surrounding its execution, his relation to the objects of his bounty, and the fact that without change or revocation he retained the will in his personal possession in a safe place for more than a year after its execution, up to the time of his death, we think it more reasonable to hold that he intended the second paragraph as a declaration of inducement and not as a condition precedent. The judgments of the lower courts are therefore reversed.

Judgments reversed.

Wanamaker, Day and Allen, JJ., concur.
Bobinson, J., concurs in propositions 1 and 2 of the syllabus and in the judgment.